1  ANDREW D. CASTRICONE (SBN: 154607)
   acastricone@grsm.com
2  JUSTIN A. ZUCKER (SBN: 284401)
   jzucker@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:    (415) 986-5900
5  Facsimile:    (415) 262-3726

6  Attorneys for Defendants SAMUEL SHOR;
   BETTY MALONEY; BARBARA BUCHMAN; and
7  INTERNATIONAL LYME AND ASSOCIATED
   DISEASES SOCIETY

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| 12 | RAPHAEL STRICKER, ) | CASE NO. 17-CV-03491 HSG |
| 13 | ) Plaintiff, ) | **DEFENDANTS' NOTICE OF ERRATA RE AND MOTION TO DISMISS** |
| 14 | ) vs. ) | **COMPLAINT (DKT. NO. 13)** |
| 15 | ) SAMUEL SHOR; BETTY MALONEY; ) | |
| 16 | BARBARA BUCHMAN; INTERNATIONAL ) LYME AND ASSOCIATED DISEASES ) | Date:        November 2, 2017 Time:        2:00 p.m. |
| 17 | SOCIETY; DOES 1-10, ) ) | Court Room   2 (4th Floor) Judge:       Haywood S. Gilliam, Jr. |
| 18 | ) Defendants. ) ) | |
| 19 | ) | |

20       **TO ALL PARTIES AND THIER COUNSEL OF RECORD:**

21       **PLEASE TAKE NOTICE** that defendants Samuel Shor, Betty Maloney, Barbara

22  Buchman, and the International Lyme and Associated Diseases Society (collectively,

23  "Defendants") erroneously stated that International Lyme and Associated Diseases Society

24  ("ILADS") is not licensed or registered to do business in the state of California. This statement is

25  being corrected in memorandum of points and authorities at pp. 2:27-28, 4:22-23, and 5:24-26,

26  and in paragraph 4 of the individual declarations of Samuel Shor, Betty Maloney, and Barbara

27  Buchman. True and correct copies of the corrected memorandum of points and authorities (Dkt.

28  No. 13-1), as well as the amended declarations of Samuel Shor (Dkt. No. 13-5), Betty Maloney

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  (Dkt. No. 13-4), and Barbara Buchman (Dkt. No. 13-3) are being filed concurrently herewith as

2  **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D**, respectively, removing the erroneous

3  statement and correcting it to "ILADS is registered in the state of California as a Foreign

4  Nonprofit Corporation."

5  Dated:  September 15, 2017                    GORDON & REES SCULLY MANSUKHANI
                                                LLP
6

7                                              By  ____/s/____ Justin A. Zucker_____
                                                    Andrew D. Castricone
8                                                   Justin A. Zucker
                                                Attorneys for Defendants SAMUEL SHOR;
9                                               BETTY MALONEY; BARBARA BUCHMAN;
                                                and INTERNATIONAL LYME AND
10                                              ASSOCIATED DISEASES SOCIETY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1140120/34902751v.1

DEFENDANTS' NOTICE OF ERRATA RE
MOTION TO DISMISS COMPLAINT                                      CASE NO. 17-03491-HSG

# EXHIBIT A

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
JUSTIN A. ZUCKER (SBN:  284401)
jzucker@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 262-3726

Attorneys for Defendants SAMUEL SHOR;
BETTY MALONEY; BARBARA BUCHMAN; and
INTERNATIONAL LYME AND ASSOCIATED
DISEASES SOCIETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL STRICKER,<br><br>                         Plaintiff,<br><br>        vs.<br><br>SAMUEL SHOR; BETTY MALONEY;<br>BARBARA BUCHMAN; INTERNATIONAL<br>LYME AND ASSOCIATED DISEASES<br>SOCIETY; DOES 1-10,<br><br>                         Defendants. | CASE NO. 17-CV-03491 HSG<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Accompanying Documents:<br>    1)  Notice of Motion and Motion;<br>    2)  Decl. of Samuel Shore;<br>    3)  Decl. of Betty Maloney;<br>    4)  Decl. of Barbara Buchman;<br>    5)  Decl. of Andrew D. Castricone;<br>    6)  [proposed] Order.<br><br>Date:           November 2, 2017<br>Time:           2:00 p.m.<br>Court Room   2 (4th Floor)<br>Judge:          Haywood S. Gilliam, Jr. |

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................ 2

III.  LEGAL ARGUMENT ....................................................................................... 3

      A.    This Court Lacks Personal Jurisdiction Over Defendants. .................... 3

            1.    California State Long Arm Jurisdiction. .................................... 3

            2.    This Court Has No General Jurisdiction Over Defendants. ........ 3

            3.    No Specific Jurisdiction – Defendants Have No Minimum
                  Contacts With Northern District of California. .......................... 4

            4.    Defendants Have Not Consented to Personal Jurisdiction. ........ 7

      B.    Venue In Northern District of California Improper. .............................. 8

IV.   CONCLUSION .................................................................................................. 8

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' MEMO. POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

CASE NO. 17-03491-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bancroft & Masters, Inc. v. Agusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ................................................................. 6

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*,
  106 F.3d 284 (9th Cir. 1997)
  *reversed on other grounds*, 523 U.S. 340 (1998) .................................... 8

*Goldlawr, Inc. v. Heiman*,
  369 U.S. 463 (1962)................................................................................. 8

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945).............................................................................. 3, 7

*Mattel, Inc. v Greiner & Hausser GmbH*,
  354 F.3d 857 (9th Cir. 2003) .................................................................. 3

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.3d 267 (9th Cir. 1995) .................................................................. 3, 5

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ................................................................. 3

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................... 3, 6

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ................................................................. 5

**Statutes**

28 United States Code
  Section 1400 ............................................................................................ 8

28 United States Code
  Section 1406 ........................................................................................ 1, 8

Code of Civil Procedure
  Section 410.10 ........................................................................................ 3

**Rules**

Federal Rules of Civil Procedure
  Rule 12 ................................................................................................... 1

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. <u>INTRODUCTION</u>

This lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and (12(b)(3).

Plaintiff, Raphael Stricker ("Stricker"), a resident of the state of California, alleges that defendants Samuel Shor ("Shor"), Betty Maloney ("Maloney"), Barbara Buchman ("Buchman"), and the International Lyme and Associated Diseases Society ("ILADS;" Shor, Maloney, Buchman, and ILADS collectively "Defendants") infringed copyrights owned by Stricker. At the times these acts allegedly occurred, no Defendants were a resident of the state of California[1]. ILADS has never been a resident of the state of California, and no Defendants have established minimum contacts with California such that this Court can exercise personal jurisdiction over them. Stricker's claims against defendants do not arise out of or relate to any of Defendants' sporadic contacts with California. As such, personal jurisdiction is lacking, and this Court should dismiss Stricker's lawsuit against Defendants.

Similarly, Plaintiff's lawsuit against Defendants should be dismissed because the Northern District of California is an improper venue for this lawsuit. If a lawsuit is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the lawsuit could have been brought. 28 U.S.C. § 1406(a).

Venue in copyright litigation is proper in any judicial district where a defendant would be amenable to personal jurisdiction if the district were a separate state. None of the Defendants are amenable to personal jurisdiction in this district because Defendants do not have the requisite minimum contacts with this District with respect to Stricker's claims. It is therefore appropriate to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(3). In the alternative, the case should be transferred to the District Court of Maryland where ILADS resides and where the actions giving rise to this lawsuit occurred.

---

[1] Though defendant Buchman is a resident of the state of California, all her alleged acts occurred in her official capacity as Executive Director of ILADS and were performed out of ILADS' Bethesda, Maryland office. (Declaration of Barbara Buchman In Support ["Buchman Decl."], ¶ 5.)

**DEFENDANTS' MEMO. POINTS & AUTHORITIES ISO**
**MOTION TO DISMISS COMPLAINT**

**CASE NO. 17-03491-HSG**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## II.   STATEMENT OF FACTS

On June 16, 2017, Stricker filed the instant lawsuit against Defendants in the Northern District Court of California, San Francisco/Oakland Division. (Dkt. No. 1.) Stricker's lawsuit sets forth three causes of action: (1) Copyright Infringement; (2) Declaratory Relief; and (3) Defamation. (*Id.*) Stricker's Copyright Infringement cause of action is brought against Shor and Maloney; Declaratory Relief cause of action is brought against Shor, Maloney, and ILADS; and Defamation cause of action is brought against Shor, Maloney, and Buchman. (*Id.*) Stricker alleges that Shor and Maloney infringed Stricker's copyrights in a re-written article on Chronic Lyme Disease that Stricker asserts he authored in December 2016. (*Id..*)

ILADS is a non-profit organization with its principal place of business in Bethesda, Maryland. (Samuel Shor Declaration In Support ["Shor Decl."], ¶ 3.) Shor is the President of ILADS with his office located at 1860 Town Center Drive, #230, Reston, Virginia and his home address also in Reston, Virginia. (Shor Decl., ¶ 5.) Maloney is the Treasurer of ILADS and her home address is in Wyoming, Minnesota (Maloney is not a practicing physician with a separate office). (Shor Decl., ¶ 7; Betty Maloney Declaration In Support ["Maloney Decl."], ¶¶ 1, 5.) Buchman is the Executive Director of ILADS with her office based out of ILADS' office in Bethesda, Maryland and her home address in San Francisco, California. (Buchman Decl., ¶¶ 1, 5.) Defendants do not and have never had an office, address, or telephone number in California for ILADS in their capacity as an officer or director of ILADS. (Shor Decl., ¶ 8; Maloney Decl., ¶ 6; Buchman Decl., 6.) No Defendants have ever owned or rented property in California for ILADS in their capacity as an officer or director of ILADS. (Shor Decl., ¶ 10; Maloney Decl., ¶ 8.) No Defendants, nor their agents, ever traveled to California in connection with any transaction involving Stricker. (Shor Decl., ¶ 9; Maloney Decl., ¶ 7.) Shor and Maloney do not own any real estate or other assets in California, have never paid taxes in California, and have never held a bank account in California. (Shor Decl., ¶¶ 10-12; Maloney Decl., ¶¶ 8-10.) The allegations in the Complaint do not pertain to property located in California. (Shor Decl., ¶ 13; Maloney Decl., ¶ 11; Buchman Decl., 7.) ILADS is registered in the state of California as a Foreign Nonprofit Corporation. (Shor Decl., ¶ 4; Maloney Decl., ¶ 4; Buchman Decl., 4.)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

III.    **LEGAL ARGUMENT**

A.      **This Court Lacks Personal Jurisdiction Over Defendants.**

This case should be dismissed because this Court does not have personal jurisdiction over Defendants. When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court can exercise personal jurisdiction over that defendant. *Mattel, Inc. v Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).

1.      **California State Long Arm Jurisdiction.**

California's long arm statute permits a federal district court to exercise jurisdiction over a party that is coextensive with the reach allowed by the United States Constitution. (Cal. Code Civil Proc. § 410.10.) Consequently, the statutory inquiry merges with the constitutional due process analysis. Due process mandates that the defendant must have "certain minimum contacts" with the forum state to such an extent that allowing the lawsuit to proceed "does not offend 'traditional notions of fair play and substantial justice.'" (*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).) Failure to satisfy any of those standards would deprive a defendant of due process of law. (*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).) Because none of the Defendants have the necessary minimum contacts, it would be a violation of due process for this Court to exercise jurisdiction over them.

2.      **This Court Has No General Jurisdiction Over Defendants.**

None of the Defendants have the continuous and systematic pattern of contact with California to establish general jurisdiction.[2] Due process permits the exercise of "general jurisdiction" if the defendant has "continuous and systematic" contacts with the forum. (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).) The test for general jurisdiction is "an exacting standard, as it should be, because a finding of general

---

[2] Though Buchman lives in San Francisco, California, all of her alleged activities were performed in her official capacity as Executive Director of ILADS which is not domiciled in California and does not have its principal place of business in California. (Shor Decl., ¶ 6; Buchman Decl., ¶¶ 1, 5.) Buchman's actions were performed on behalf of ILADS which has its principal place of business in Bethesda, Maryland. (Shor Decl., ¶¶ 3, 6; Buchman Decl., ¶¶ 3, 5.)

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its

2   activities anywhere in the world." *Id.* The Complaint does not allege that Defendants had or have

3   "continuous and systematic contacts" with California rather Stricker relies upon Buchman's

4   residence in California as his basis for asserting this Court has personal jurisdiction over the

5   Defendants. Buchman's actions, however, were all done in her official capacity as Executive

6   Director of the ILADS out of their Bethesda, Maryland office and were not doe in her individual

7   capacity in California. (Shor Decl., ¶ 6; Buchman Decl., ¶¶ 1, 5.)

8          The evidence indicates that none of the Defendants have the requisite minimum contacts

9   to establish general jurisdiction:

10         • ILADS is a nonprofit organization with its principal place of business in

11           Bethesda, Maryland. (Samuel Shor Declaration In Support ["Shor Decl."], ¶ 3.)

12         • Shor and Maloney are not residents of California. (Shor Decl., ¶ 5; Moroney

13           Decl., ¶ 5.)

14         • None of the Defendants have a business office, address, or telephone number in

15           California. (Shor Decl., ¶ 8; Maloney Decl., ¶ 6; Buchman Decl., 6.)

16         • None of the Defendants have owned any real estate or other assets for ILADS

17           located in California. (Shor Decl., ¶ 10; Maloney Decl., ¶ 8.)

18         • ILADS, Shor, and Maloney have never paid taxes in California. (Shor Decl., ¶ 11;

19           Maloney Decl., ¶ 9.)

20         • ILADS, Shor, and Maloney have never held a bank account in California. (Shor

21           Decl., ¶ 11; Maloney Decl., ¶ 10.)

22         • ILADS is registered in the state of California as a Foreign Nonprofit Corporation.

23           (Shor Decl., ¶ 4; Maloney Decl., ¶ 4; Buchman Decl., 4.)

24   Defendants' contacts with California are insufficient in both quantity and quality to

25   support general personal jurisdiction over Defendants.

26         **3.      No Specific Jurisdiction – Defendants Have No Minimum Contacts
                     With Northern District of California.**

27

28   To ascertain if a court has specific jurisdiction over a defendant, a three part test is

-4-

1   employed:

2           (1) The non-resident defendant must purposefully direct his
3           activities or consummate some transaction with the forum or
            resident thereof; or perform some act by which he purposefully
            avails himself of the privilege of conducting activities in the forum
4           thereby invoking the benefits and protections of its laws;
5           (2) the claim must be one which arises out of or relates to the
            defendant's forum-related activities; and
6           (3) the exercise of jurisdiction must comport with fair play and
            substantial justice, i.e., it must be reasonable.
7           (*Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672
8           (9th Cir. 2012).)

9           Failure to satisfy any of these standards would deprive a defendant of due process of law.

10   (*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Because none of

11   the Defendants have the necessary minimum contacts with respect to Stricker's alleged

12   wrongdoing, it would be a violation of due process for this Court to exercise jurisdiction over

13   them. The Ninth Circuit Court of Appeals has explained that the first prong of the analysis

14   "includes both purposeful availment and purposeful direction. It may be satisfied by purposeful

15   availment of doing business in the forum; by purposeful direction of activities at the forum; or by

16   some combination thereof." (*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433

17   F.3d 1199, 1206 (9th Cir. 2006).) As noted, none of the Defendants have purposefully availed

18   themselves of the opportunity to do business in California. ILADS is a non profit with its

19   principal place of business in Bethesda Maryland. (Shor Decl., ¶ 3; Maloney Decl., ¶ 3;

20   Buchman Decl., ¶ 3.) Defendants Shor and Maloney live in Virginia and Minnesota,

21   respectively. (Shor Decl., ¶ 5; Maloney Decl., ¶5.) Though defendant Buchman lives in San

22   Francisco, all of her actions directed towards the forum state were done in her official capacity as

23   Executive Director of ILADS and were performed outside the state of California out of ILADS'

24   Bethesda, Maryland office. (Shor Decl., ¶ 5; Buchman Decl., ¶ 5.) ILADS is registered in the

25   state of California as a Foreign Nonprofit Corporation. (Shor Decl., ¶ 4; Maloney Decl., ¶ 4;

26   Buchman Decl., 4.)

27           In assessing the existence of special personal jurisdiction, the Ninth Circuit has employed

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**DEFENDANTS' MEMO. POINTS & AUTHORITIES ISO**                    **CASE NO. 17-03491-HSG**
**MOTION TO DISMISS COMPLAINT**

an "effects test" for tort claims. (*Bancroft & Masters, Inc. v. Agusta Nat'l Inc.*, 223 F.3d 1082, 1086-87 (9th Cir. 2000).) Stricker's third cause of action for defamation against the individual defendants is a tort and requires an "effects test" analysis. "To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." (*Id.*) The Ninth Circuit has held that the "expressly aimed" portion of the analysis is satisfied when the defendant "individually target[s] a known forum resident." (*See Id.* at 1086.) Though Defendants may have known that Stricker was a resident of California, their actions were not expressly aimed at California and the effects of their acts were not known to cause harm in California. (*Id.* at 1087.) In this case, Defendants actions were done with the desired effect of preventing the tarnishing of ILADS' name and its stance in the community, which was likely to result from Stricker's attempts to publish an article under his own name that was the product of a collaborative effort on behalf of ILADS when he did not have ILAD's permission or authorization to do so. (Shor Decl., ¶ 14; Maloney Decl., ¶ 12; Buchman Decl., ¶ 8.) Consequently, Defendants did not commit intentional acts directed towards California with the intent for harm to result thereto in California.

Schwarzenegger v. Fred Martin Motor Co.*, supports a finding that the "expressly aimed" portion of the effects test is not met in this case. (*Schwarzenegger, supra*, 374 F.3d 797.) In *Schwarzenegger*, the Ninth Circuit held that there was no personal jurisdiction over an Ohio car dealer sued in California for the car dealer's unauthorized use of Arnold Schwarzenegger's likeness – a picture – from the movie The Terminator in its local advertisement encouraging potential buyers to "terminate" their current car leases in favor of one of defendant's new cars. (*Id.*)

In finding a lack of specific personal jurisdiction, the Ninth Circuit found that the car dealer's advertisements were not "expressly aimed" at Schwarzenegger in California. (*Id.* at 807.) The Ninth Circuit further stressed that while defendant may have known Schwarzenegger lived in California, this was insufficient to convey jurisdiction there because the intention behind the advertisement was solely to entice local market Ohioans, not Californians, "to buy or lease

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

cars from Fred Martin." (*Id.*). In this case, Defendants did not intend for their actions to cause effect in California, rather their actions were directed to cause effect, specifically maintaining the integrity of ILADS, in Bethesda, Maryland where ILADS maintains its principal place of business.

Finally, this Court's exercise of personal jurisdiction over Defendants will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. (*See Int'l Shoe, supra*, 326 U.S. at 316.) This Court should decline to exercise personal jurisdiction over Defendants because of the burden Defendants outweighs any benefit. ILADS and the individual Defendants actions were all done in their official capacity on behalf of ILADS, which is a nonprofit with its principal place of business in Bethesda, Maryland. (Shor Decl., ¶¶ 3, 6, 7.) Two co-authors of the article in question, Shor and Maloney live in Virginia and Minnesota, respectively. (Shor Decl., ¶ 5; Maloney Decl., ¶ 5.) Additionally, Buchman though living in San Francisco, works for ILADS out of Bethesda, Maryland. (Shor Decl., ¶ 6; Buchman Decl., ¶ 5.) Accordingly, none of the files, records, or witnesses relevant to the claim of copyright infringement asserted by Stricker are located in this District.

### 4.   Defendants Have Not Consented to Personal Jurisdiction.

None of the Defendants have consented to personal jurisdiction in this District. Stricker brought the instant lawsuit on June 16, 2017. (Dkt. No. 1.) None of the Defendants have made an appearance in this matter and the present motion to dismiss for lack of personal jurisdiction is the first appearance for all Defendants. Defendants waived service of process, extending the time to respond to the Complaint. (Declaration of Andrew D. Castricone Is Support ["Castricone Decl."], ¶ 3.) In the interim from the time of service of the Complaint to the filing of this motion, Defendants counsel alerted Stricker that a motion challenging personal jurisdiction would be brought within the time for Defendants to respond. (*Id.* at ¶ 4.) Additionally, Defendants were not personally served, rather they waived receipt of summons and Complaint. (*Id.* at ¶ 3.) Consequently, Stricker cannot argue that Defendants have consented to or waived personal jurisdiction in this Court.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### B.     <u>Venue In Northern District of California Improper.</u>

2

This Court should also dismiss this lawsuit because venue is improper. If an action is

3

filed in an improper judicial district, the court may dismiss the action upon timely objection, or

4

in the interest of justice, may transfer the case to a district where the action could have been

5

brought. (28 U.S.C. § 1406(a).) Stricker must bring actions for copyright violations in the

6

"district in which the defendant or agent resides or may be found." (28 U.S.C. § 1400(a).) Venue

7

in copyright litigation is proper in any judicial district in which a defendant would be amenable

8

to personal jurisdiction if the district were a separate state." (*Columbia Pictures Television, Inc.*

9

*v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997), *reversed on*

10

*other grounds*, 523 U.S. 340 (1998).) The question then is whether Defendants are amenable to

11

jurisdiction as if the Northern District of California were a separate state. As discussed above,

12

this Court does not have personal jurisdiction over Defendants for Stricker's claims, and venue is

13

therefore improper.

14

In the alternative, this Court may transfer this case to the District Court of Maryland

15

because Defendants are subject to jurisdiction in that forum, venue would be proper, and the

16

transfer would be in the interests of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467

17

(1962). ILADS' principal place of business is located in that district, and all activities of the

18

individual defendants are alleged to have been in their official capacity as a director or officer of

19

ILADS. Consequently, Defendants are subject to jurisdiction in the District Court of Maryland

20

and this lawsuit should be transferred there if not dismissed..

21

### IV.     <u>CONCLUSION</u>

22

For the foregoing reasons, Defendants ask this Court to grant this motion, dismiss

23

Plaintiff's lawsuit, and grant Defendants such other and further relief to which they may be justly

24

entitled. Should this Court decline to grant this motion and dismiss Plaintiff's lawsuit,

25

Defendants ask this Court to transfer this lawsuit from the Northern District Court of California

26

to the District Court of Maryland.

27

Respectfully submitted,

28

Dated:  September 1, 2017       GORDON & REES SCULLY MANSUKHANI

-8-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111



LLP

By _____ */s/*    Justin A. Zucker
          Andrew D. Castricone
          Justin A. Zucker
Attorneys for Defendants SAMUEL SHOR;
BETTY MALONEY; BARBARA BUCHMAN;
and INTERNATIONAL LYME AND
ASSOCIATED DISEASES SOCIETY

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1140120/34903140v.1

-9-

EXHIBIT B

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
JUSTIN A. ZUCKER (SBN:  284401)
jzucker@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 262-3726

Attorneys for Defendants SAMUEL SHOR;
BETTY MALONEY; BARBARA BUCHMAN; and
INTERNATIONAL LYME AND ASSOCIATED
DISEASES SOCIETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL STRICKER, | CASE NO. 17-CV-03491 HSG |
| Plaintiff, | **DECLARATION OF SAMUEL SHOR IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| vs. | |
| SAMUEL SHOR; BETTY MALONEY; BARBARA BUCHMAN; INTERNATIONAL LYME AND ASSOCIATED DISEASES SOCIETY; DOES 1-10, | Accompanying Documents: |
| Defendants. | 1)  Notice of Motion; |
| | 2)  Memo. of Points & Authorities; |
| | 3)  Decl. of Betty Maloney; |
| | 4)  Decl. of Barbara Buchman; |
| | 5)  Decl. of Andrew D. Castricone; |
| | 6)  [proposed] Order. |
| | Date:        November 2, 2017 |
| | Time:        2:00 p.m. |
| | Court Room  2 (4th Floor) |
| | Judge:       Haywood S. Gilliam, Jr. |

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

I, Samuel Shor, declare as follows:

1.       I am the President of the International Lyme Disease and Associated Diseases Society ("ILADS") on whose behalf I make this declaration. I am informed and believe that the matters stated herein are true and accurate based on my information and belief. If called as a witness, I would competently testify to the following facts, all of which are within my own personal knowledge, except for those matters stated on information and belief, and as to those matters I believe them to be true.

-1-

2.     I make this declaration in support of Defendants' Motion to Dismiss.

3.     ILADS is a non-profit organization with its principal place of business in Bethesda, Maryland.

4.     ILADS is registered in the state of California as a Foreign Nonprofit Corporation.

5.     I am a practicing physician, and my office is located at 1860 Town Center Drive, # 230, Reston, Virginia 20190. My home address where I live is also in Reston, Virginia.

6.     Barbara Buchman is Executive Director of ILADS. In her capacity as Executive Director, Ms. Buchman works out of ILADS' Bethesda Maryland office. Ms. Buchman's actions alleged in the Complaint were done in her official capacity as Executive Director of ILADS and were performed out of ILADS' Bethesda, Maryland office. Ms. Buchman lives in San Francisco, California.

7.     Betty Maloney is Treasurer of ILADS. Ms. Maloney is not a practicing physician with a separate office from ILADS' office in Bethesda, Maryland. Ms. Maloney lives in Wyoming, Minnesota.

8.     I have never had an office, address or telephone number in California.

9.     I have never traveled to California in connection with any transaction involving plaintiff, Raphael Stricker ("Stricker") with respect to co-authoring an article on Chronic Lyme Disease with Stricker and Betty Maloney.

10.     I do not own any real estate or other assets in California.

11.     I have never paid taxes in California.

12.     I have never held a bank account in California.

13.     The allegations in Stricker's Complaint do not pertain to property located in California.

14.     The alleged actions taken on behalf of ILADS set forth in Stricker's Complaint were done with the desired effect of preventing the tarnishing of ILADS' name and its stance in the community, which was likely to result from Stricker's attempts to publish an article under his own name that was the product of a collaborative effort on behalf of ILADS when he did not have ILAD's permission or authorization to do so.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

1        I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3        Executed this 15th day of September 2017 at Reston, VA.

4

5                                                    /s/ Samuel Shor, M.D.
                                                    _____
6                                                        Samuel Shor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1140120/34903311v.1

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

# EXHIBIT C

1  ANDREW D. CASTRICONE (SBN: 154607)
   acastricone@grsm.com
2  JUSTIN A. ZUCKER (SBN: 284401)
   jzucker@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:   (415) 986-5900
5  Facsimile:   (415) 262-3726

6  Attorneys for Defendants SAMUEL SHOR;
   BETTY MALONEY; BARBARA BUCHMAN; and
7  INTERNATIONAL LYME AND ASSOCIATED
   DISEASES SOCIETY

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 RAPHAEL STRICKER,                          )   CASE NO. 17-CV-03491 HSG
                                              )
13                      Plaintiff,            )   **DECLARATION OF BETTY**
                                              )   **MALONEY IN SUPPORT OF**
14         vs.                                )   **MOTION TO DISMISS COMPLAINT**
                                              )
15 SAMUEL SHOR; BETTY MALONEY;                )   Accompanying Documents:
   BARBARA BUCHMAN; INTERNATIONAL             )     1)  Notice of Motion;
16 LYME AND ASSOCIATED DISEASES               )     2)  Memo. of Points & Authorities;
   SOCIETY; DOES 1-10,                        )     3)  Decl. of Samuel Shore;
17                                            )     4)  Decl. of Barbara Buchman;
                        Defendants.           )     5)  Decl. of Andrew D. Castricone;
18                                            )     6)  [proposed] Order.
                                              )
19                                            )   Date:        November 2, 2017
                                              )   Time:        2:00 p.m.
20                                            )   Court Room   2 (4th Floor)
                                              )   Judge:       Haywood S. Gilliam, Jr.
21 _____)

22         I, Elizabeth "Betty" Maloney, declare as follows:

23         1.      I am the Treasurer of the International Lyme Disease and Associated Diseases

24 Society ("ILADS") on whose behalf I make this declaration. I am informed and believe that the

25 matters stated herein are true and accurate based on my information and belief. If called as a

26 witness, I would competently testify to the following facts, all of which are within my own

27 personal knowledge, except for those matters stated on information and belief, and as to those

28 matters I believe them to be true.

                                              -1-

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.      I make this declaration in support of Defendants Motion to Dismiss.

3.      ILADS is a non-profit organization with its principal place of business in Bethesda, Maryland.

4.      ILADS is registered in the state of California as a Foreign Nonprofit Corporation.

5.      I am not a practicing physician with a separate office from ILADS' office in Bethesda, Maryland. My home address where I live is in Wyoming, Minnesota.

6.      I have never had an office, address or telephone number in California.

7.      I have never traveled to California in connection with any transaction involving plaintiff, Raphael Stricker ("Stricker") with respect to co-authoring an article on Chronic Lyme Disease with Stricker and Samuel Shor.

8.      I do not own any real estate or other assets in California.

9.      I have never paid taxes in California.

10.     I have never held a bank account in California.

11.     The allegations in Stricker's Complaint do not pertain to property located in California.

12.     The alleged actions taken on behalf of ILADS set forth in Stricker's Complaint were done with the desired effect of preventing the tarnishing of ILADS' name and its stance in the community, which was likely to result from Stricker's attempts to publish an article under his own name that was the product of a collaborative effort on behalf of ILADS when he did not have ILAD's permission or authorization to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September 2017 at Wyoming, Minnesota.

/s/ Elizabeth Maloney, M.D.
_____
Elizabeth "Betty" Maloney, M.D.

1140120/34903280v.1

-2-

EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
JUSTIN A. ZUCKER (SBN: 284401)
jzucker@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:     (415) 986-5900
Facsimile:     (415) 262-3726

Attorneys for Defendants SAMUEL SHOR;
BETTY MALONEY; BARBARA BUCHMAN; and
INTERNATIONAL LYME AND ASSOCIATED
DISEASES SOCIETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAPHAEL STRICKER,

                              Plaintiff,

          vs.

SAMUEL SHOR; BETTY MALONEY;
BARBARA BUCHMAN; INTERNATIONAL
LYME AND ASSOCIATED DISEASES
SOCIETY; DOES 1-10,

                              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 17-CV-03491 HSG

**DECLARATION OF BARBARA
BUCHMAN IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Accompanying Documents:
  1)  Notice of Motion;
  2)  Memo. of Points & Authorities;
  3)  Decl. of Samuel Shore;
  4)  Decl. of Betty Maloney;
  5)  Decl. of Andrew D. Castricone;
  6)  [proposed] Order.

Date:          November 2, 2017
Time:          2:00 p.m.
Court Room   2 (4th Floor)
Judge:        Haywood S. Gilliam, Jr.

I, Barbara Buchman, declare as follows:

    1.      I am the Executive Director of the International Lyme Disease and Associated

Diseases Society ("ILADS") on whose behalf I make this declaration. I am informed and believe

that the matters stated herein are true and accurate based on my information and belief. If called

as a witness, I would competently testify to the following facts, all of which are within my own

personal knowledge, except for those matters stated on information and belief, and as to those

matters I believe them to be true.

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

2.     I make this declaration in support of Defendants' Motion to Dismiss.

3.     ILADS is a non-profit organization with its principal place of business in Bethesda, Maryland.

4.     ILADS is registered in the state of California as a Foreign Nonprofit Corporation.

5.     In my capacity as Executive Director, I work out of ILADS' Bethesda, Maryland office. My actions alleged in the Complaint were done in my official capacity as Executive Director of ILADS and were performed out of ILADS' Bethesda, Maryland office. My home address where I live is in San Francisco, California.

6.     I have never had an ILADS office, address or telephone number in California.

7.     The allegations in Stricker's Complaint do not pertain to property located in California.

8.     The alleged actions taken on behalf of ILADS set forth in Stricker's Complaint were done with the desired effect of preventing the tarnishing of ILADS' name and its stance in the community, which was likely to result from Stricker's attempts to publish an article under his own name that was the product of a collaborative effort on behalf of ILADS when he did not have ILAD's permission or authorization to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September 2017 at Bethesda, Maryland.

/s/ Barbara Buchman
Barbara Buchman

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1140120/34903247v.1

**DECLARATION OF BARBARA BUCHMAN ISO**            **CASE NO. 17-03491-HSG**
**MOTION TO DISMISS COMPLAINT**