ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
JUSTIN A. ZUCKER (SBN: 284401)
jzucker@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 262-3726

Attorneys for Defendants SAMUEL SHOR;
BETTY MALONEY; BARBARA BUCHMAN; and
INTERNATIONAL LYME AND ASSOCIATED
DISEASES SOCIETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL STRICKER,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMUEL SHOR; BETTY MALONEY; BARBARA BUCHMAN; INTERNATIONAL LYME AND ASSOCIATED DISEASES SOCIETY; DOES 1-10,<br><br>    Defendants. | CASE NO. 17-CV-03491 HSG<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Accompanying Document:<br>Declaration of Justin A. Zucker<br><br>Date:         November 2, 2017<br>Time:         2:00 p.m.<br>Court Room   2 (4th Floor)<br>Judge:        Haywood S. Gilliam, Jr. |

## I.   INTRODUCTION

International Lyme and Associated Diseases Society's ("ILADS") registration with the California Secretary of State as a Foreign Nonprofit Corporation does not confer this Court with general personal jurisdiction over it. Moreover, the actions alleged in Raphael Stricker's ("Stricker") Complaint were not expressly aimed at this forum – not directly targeted to this forum – and in turn conveyed no specific personal jurisdiction to this Court. Consequently, this lawsuit should be dismissed, or alternatively transferred to the District Court of Maryland, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).

-1-

## II. STATEMENT OF FACTS

ILADS is a non-profit organization with its principal place of business in Bethesda, Maryland. (Samuel Shor Declaration In Support ["Shor Decl."], ¶ 3.) ILADS is registered in the state of California as a Foreign Nonprofit Corporation. (Dkt. No. 29 Ex. B ["Shor Decl."], ¶ 4; Dkt. No. 29 Ex. C ["Maloney Decl."], ¶ 4; Dkt. No. 29 Ex. C ["Buchman Decl."], 4.) The fact that ILADS is registered with the California Secretary of State was discussed with plaintiff's counsel prior to Raphael Stricker's ("Stricker") opposition being filed. (Declaration of Justin A. Zucker, ¶ 2.) During the parties meet and confer discussions regarding ILADS registration as a foreign nonprofit corporation, counsel for Defendants informed plaintiff's counsel that the discrepancy would be corrected with amended declarations from the individual defendants to be submitted. (*Id.*) As addressed in the individual defendant's amended declarations, ILADS is registered in the state of California as a Foreign Nonprofit Corporation. (Dkt. No. 29.) That fact does not change Defendants' position.

## III. LEGAL ARGUMENT

### A. This Court Lacks General Personal Jurisdiction Over Defendants.

Stricker puts great weight in the fact that ILADS is registered as a Foreign Nonprofit Corporation with the California State Secretary of State and as such subjects ILADS to general personal jurisdiction. Stricker, however, is misplaced.

The mere filing of a Statement and Designation by Foreign Corporation does not confer this court with general personal jurisdiction over ILADS. (*DVI, Inc. v. Superior Court*, 104 Cal.App.4th 1080, 1095, 128 Cal. Rptr. 2d 683, 694 (Cal. Ct. App. 2002) ("designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction") (citing *Gray Line Tours v. Reynolds Elec. & Eng'g Co.*, 193 Cal.App.3d 190, 193-94, 283 Cal. Rptr. 419, 421 (Cal. Ct. App. 1987)).) Rather, the Statement and Designation by Foreign Corporation on its face holds that "[t]he corporation named in item 1 above irrevocably consents to *service of process* directed to it upon the agent designated above." (Dkt. No. 28-1, p. 4 [Emphasis added.].) In this instance, service of process is not in issue, rather

-2-

| **DEFENDANTS' REPLY MEMO. POINTS & AUTHORITIES ISO** | **CASE NO. 17-03491-HSG** |
| --- | --- |
| **MOTION TO DISMISS COMPLAINT** | |

1  whether or not this Court has personal jurisdiction over Defendants, and registering as foreign
2  nonprofit corporation does not create a consent to general jurisdiction.

3  Moreover, the citizenship of ILADS members is not determinative of whether or not this
4  Court has general personal jurisdiction over ILADS. The composition of ILADS membership
5  does not bear on whether or not ILADS is "at home" in California. (*Daimler AG v. Bauman*, 134
6  S. Ct. 746, 754–760 (2014) (Even though defendant had many facilities in California, was the
7  largest supplier of luxury vehicles to that market and had $4.6 billion in California-based sales
8  for one year in question, there was no general jurisdiction over car manufacturer for lawsuit
9  brought against it in California because defendant was not "at home" because California was not
10 the company's principal place of business nor where it was incorporated.)) In this case, ILADS is
11 not incorporated in the state of California; it is only registered in California as a Foreign
12 Nonprofit Corporation with the State of California. (Shor Decl., ¶ 4; Maloney Decl., ¶ 4;
13 Buchman Decl., ¶ 4.)

14 Additionally, Stricker's reference and reliance on International Lyme and Associated
15 Diseases Education Foundation, Inc. ("ILADEF") being registered in California as a Foreign
16 Corporation is perplexing because it is a separate and distinct entity from any of the named
17 Defendants. (*See generally* Dkt. No. 1.) There are no allegations regarding the ILADEF
18 whatsoever in the Complaint. Consequently, any reference to ILADEF, or their contacts with the
19 forum, has no bearing to this motion and should be disregarded. (*Ranza v. Nike, Inc.*, 793 F.3d
20 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on
21 its own, to justify imputing one entity's contacts with a forum state to another for the purpose of
22 establishing personal jurisdiction."); *DVI, supra*, 104 Cal.App.4th at 1092 (*Without more,* neither
23 ownership nor control of a subsidiary corporation by a foreign parent corporation will subject the
24 parent corporation to the jurisdiction where the subsidiary does business.)) In this case, Stricker
25 has not pled that ILADS is an alter ego of ILADEF to even possibly consider minimum contact
26 veil piercing and has not provided *anything more* to warrant imputing ILDEF's business
27 activities, if any, in California on ILADS.
28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-3-

1  As a result, this Court lacks general personal jurisdiction over Defendants, and as set
2  forth below that there no specific personal jurisdiction either, warranting granting of this motion
3  to dismiss.

### B. Defendants Alleged Actions Were Not Directed At Forum And Therefore No Specific General Jurisdiction Conferred To This Court.

As set forth in Defendants moving papers and in Stricker's Opposition, analyzing minimum contacts for tort causes of action requires a purposeful direction analysis. (*Brayton Purcell LLP v. Recordon & Recordon* (9th Cir. 2010) 606 F.3d 1124, 1128.) In assessing the existence of special personal jurisdiction, the Ninth Circuit has employed an "effects test" for tort claims. (*Bancroft & Masters, Inc. v. Agusta Nat'l Inc.*, 223 F.3d 1082, 1086-87 (9th Cir. 2000).) "To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." (*Id.*)

In this case, Defendants did not purposefully direct their actions to the forum state and the resulting effects were primarily outside of the forum. Rather as Stricker's Complaint alleges that "Dr. Shor contacted Dove [Medical] Press" (Dkt. No. 1, ¶ 25) and "Dr. Shor . . . contacted [Chronic Diseases International of Austin Publishing] demanding redaction." (Dkt. No. 1, ¶ 32.) Dove Medical Press is a UK headquartered company with representatives in Princeton, New Jersey and editorial offices in Auckland, New Zealand (https://www.dovepress.com/why_publish_with_dove.php?content_id=2991, last visited September 18, 2017) and Chronic Diseases International of Austin Publishing identifies Jersey City, New Jersey as its place of business. (http://austinpublishinggroup.com/chronic-diseases/, last visited September 18, 2017.)

Consequently, the actions complained of were not directed toward this forum but rather where the publishers were located, which was *not* in California. Additionally, the effects of the alleged actions, i.e., the alleged harms incurred, were where the publishing companies were located, which was not in California. (Complaint, ¶ 29 ["as a result of Dr. Shor's meddling, Dove

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-4-

1 press rejected [] Dr. Stricker's article"]; ¶ 38 ["[Chronic Diseases International of Austin

2 Publishing] withdrew Dr. Stricker's paper from publication"].)

3     Attached to the Complaint is Stricker's email correspondence with Dove Press which

4 shows that Dove Press based in Auckland, New Zealand was contacted and Auckland was where

5 the effects of Shor's directed actions resulted. (Dkt. No. 1-3, p. 1 ["We have been contacted by

6 Dr Samuel Shor regarding your recent submission . . . . Given the nature of these allegations I

7 have to put a hold on the submission pending resolution."].) Further, Defendants actions were

8 done with the desired effect of preventing the tarnishing of ILADS' name and its stance in the

9 community where it is based in Bethesda, Maryland, which was likely to result from Stricker's

10 attempts to publish an article under his own name that was the product of a collaborative effort

11 on behalf of ILADS when he did not have ILAD's permission or authorization to do so. (Shor

12 Decl., ¶ 14; Maloney Decl., ¶ 12; Buchman Decl., ¶ 8.) Consequently, Defendants did not

13 commit intentional acts directed towards California with the intent for harm to result thereto in

14 California.

15     Therefore, this Court lacks specific personal jurisdiction over the Defendants and this

16 motion should be granted.

17     **C.**    **Plaintiff's Request to Severe Defamation Claim Should Be Denied.**

18     In a last effort attempt to prevent the Court's dismissal of this matter, Stricker requests

19 this Court to sever his defamation cause of action and only transfer his copyright and declaratory

20 relief claims to the District Court of Maryland. (Dkt. No. 28, p. 11.) If an action is filed in an

21 improper judicial district, the court may dismiss the action upon timely objection, or in the

22 interest of justice, may transfer the case to a district where the action could have been brought.

23 (28 U.S.C. § 1406(a).) Venue in copyright litigation is proper in any judicial district in which a

24 defendant would be amenable to personal jurisdiction if the district were a separate state."

25 (*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284,

26 288 (9th Cir. 1997), *reversed on other grounds*, 523 U.S. 340 (1998).)

27     As discussed above, this Court does not have personal jurisdiction over Defendants for

28

-5-

**DEFENDANTS' REPLY MEMO. POINTS & AUTHORITIES ISO**    **CASE NO. 17-03491-HSG**
**MOTION TO DISMISS COMPLAINT**

Stricker's claims, given that Buchman's actions were done in her official capacity as Executive Director of ILADS – based out of her office in Bethesda, Maryland, and venue is therefore improper. Because Buchman's alleged acts or omissions were done, not individually, but as the Executive Director of ILADS, jurisdiction in Maryland is invoked and not California. Moreover, judicial economy and conservation of resources, warrants all causes of action being transferred and being heard by one court rather than multiple courts. Consequently, this lawsuit should be transferred there in its entirety if not dismissed to promote judicial economy and conservation of resources.

## IV. CONCLUSION

For the foregoing reasons, Defendants ask this Court to grant this motion, dismiss Plaintiff's lawsuit, and grant Defendants such other and further relief to which they may be justly entitled. Should this Court decline to grant this motion and dismiss Plaintiff's lawsuit, Defendants ask this Court to transfer this lawsuit from the Northern District Court of California to the District Court of Maryland.

Respectfully submitted,

Dated: September 22, 2017   GORDON & REES SCULLY MANSUKHANI LLP

By   /s/   Andrew D. Castricone
     Andrew D. Castricone
     Justin A. Zucker
Attorneys for Defendants SAMUEL SHOR; BETTY MALONEY; BARBARA BUCHMAN; and INTERNATIONAL LYME AND ASSOCIATED DISEASES SOCIETY