United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL STRICKER,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMUEL SHOR, et al.,<br><br>        Defendants. | Case No. 17-cv-03491-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; ORDER SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 13 |

Pending before the Court is Defendants' motion to dismiss for lack of personal jurisdiction and for improper venue. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion as to Defendants Samuel Shor and Betty Maloney, and **DENIES** the motion as to Defendants Barbara Buchman and the International Lyme and Associated Diseases Society ("ILADS").

**I. BACKGROUND**

Plaintiff Raphael Stricker filed this action against Defendants Samuel Shor, Betty Maloney, Barbara Buchman, and ILADS, asserting causes of action for copyright infringement, declaratory relief, and defamation. *See* Dkt. No. 1. Plaintiff is a doctor specializing in Lyme and associated diseases, with a practice based in San Francisco, California. *Id.* ¶ 7. He is a member and on the board of directors of ILADS, along with the individual Defendants in this case. *Id.* ¶¶ 7–10. According to Plaintiff, the individual Defendants plagiarized an article he authored about Chronic Lyme Disease, and then accused Plaintiff of plagiarizing it himself, including by contacting the ILADS membership and the journal that was publishing Plaintiff's article. *Id.* ¶¶ 13–38. The journal, consequently, decided not to publish the accused article. *Id.* Of the

Defendants, only Barbara Buchman resides in California. Dkt. No. 13-1 at 2.

## II. DISCUSSION

The Court first addresses Defendants' contention that the Court lacks personal jurisdiction over this action and then turns to Defendants' contention that the Northern District of California is an improper venue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum.").

### A. Personal Jurisdiction

#### i. Legal Standard

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). However, under the doctrine of pendent personal jurisdiction, "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Id*. Therefore, in a case like this one, in which all of plaintiff's claims arise out of a common nucleus of operative facts, if personal jurisdiction exists for one claim, the Court may exercise jurisdiction over all the other claims. *Id.*

In analyzing personal jurisdiction, the Court must engage in a two-part inquiry: (1) whether the state's long-arm statute confers personal jurisdiction over the nonresident defendant, and (2) whether the exercise of jurisdiction comports with due process. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Where a state authorizes "jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," as does California, *see* Cal. Civ. Proc. Code § 410.10, federal courts must determine whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single

2

inquiry: whether jurisdiction comports with due process."). "Due process requires that the defendant have sufficient minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

A plaintiff may invoke either general or specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Specific jurisdiction exists if: (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the court must resolve conflicts between the facts contained in the parties' affidavits in plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "[I]n the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012) (internal quotation marks omitted).

### ii. General Jurisdiction

Defendant Buchman resides in California. Therefore, the Court has personal jurisdiction over her. *See Artas Film & TV Prods. GMBH v. Shepherd*, 959 F.2d 239 (9th Cir. 1992) ("General jurisdiction is easily established when the defendant is a resident of the forum state.") (citing *Pennoyer v. Neff*, 95 U.S. 714, 720 (1878)). Defendants offer no authority for their novel suggestion that the location of Ms. Buchman's alleged activities somehow alters this rule.

3

Plaintiff contends that the Court should find general jurisdiction over ILADS because it is registered as a foreign corporation with California and has designated an agent for service of process. This is not sufficient because "California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business." *AM Tr. v. UBS AG*, 681 F. App'x 587, 588–89 (9th Cir. 2017).[1]

### iii. Specific Jurisdiction

#### a. Purposeful Availment

Defendants assert that they did not have sufficient contacts with California to justify the Court's exercise of personal jurisdiction. Dkt. No. 13-1 at 4–7. "The purposeful availment requirement ensures that a non-resident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state." *Rio Properties*, 284 F.3d at 1019. A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) that cause harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum. *Id*. A "foreign act that is both aimed at and has effect in the forum satisfies the first prong of the specific jurisdiction analysis." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (citing *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)).

#### 1. ILADS

Plaintiff's allegations sufficiently make the required prima facie showing that the ILADS organization has committed such acts, subjecting it to jurisdiction in this district. For example, Plaintiff alleges that defamatory statements were emailed on behalf of ILADS to executives and members of ILADS, over 10% of whose membership resides in California. *See* Dkt. No. 1 ¶¶ 36, 48; Dkt. No. 1-3 at 3, 11; Dkt. No. 28 at 4–5. Additionally, Plaintiff alleges that an attorney representing ILADS sent a demand letter to Dr. Stricker.[2] Dkt. No. 1 ¶ 37. The record adequately makes a prima facie showing that the ILADS organization knew that its actions would

---

[1] While it is not binding authority, the Court may rely on the Ninth Circuit's decision in *AM Tr. v. UBS AG* 681 F. App'x 587 (9th Cir. 2017) as persuasive authority.
[2] Though not explicitly alleged by Plaintiff, presumably ILADS sent this demand letter to California, where Dr. Stricker lives and works.

4

have a harmful effect on the plaintiff, who resided in California, and that the brunt of the injury caused by its actions would be felt in California, where Plaintiff practices medicine. Thus, ILADS is subject to the jurisdiction of the California courts. *Calder*, 465 U.S. at 788–89, 104 S.Ct. at 1486–87. The fact that certain actions took place in other states does not defeat personal jurisdiction where the effects of ILADS's out-of-state conduct were felt in California. *Id.*

### 2. Drs. Shor and Maloney

Plaintiff's allegations are insufficient to establish specific jurisdiction over Drs. Shor and Maloney. Drs. Shor and Maloney reside in Virginia and Minnesota, respectively. Dkt. No. 13-1 at 7. Plaintiff's allegations that Dr. Shor contacted Dove Press and Chronic Diseases International, neither of which is located in California, *see* Dkt. No. 1 ¶¶ 25, 30, 32; Dkt. No. 30 at 4, and that Dr. Maloney replied to Dr. Stricker's email to a private group, *see* Dkt. No. 1 ¶ 36, do not demonstrate that these defendants specifically aimed their acts toward California. At most, Plaintiff alleges "random, fortuitous, or attenuated contacts with the forum state," and such contacts do not support jurisdiction. *Rio Properties*, 284 F.3d at 1019.[3]

### b. Claims Arise out of Forum-Related Conduct

In determining whether a plaintiff's claims arise out of a defendant's forum-related conduct, a plaintiff must show that it would not have suffered an injury "but for" the defendant's forum-related activities. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Plaintiff's claims arise, at least in part, from ILADS's conduct directed at California. Therefore, the Court finds that the "but for" requirement is met here. Plaintiff has made a prima facie showing that the reputation-based effects of the alleged defamation connect ILADS to California, because the reputational injury would not have occurred "but for" the multiple emails and other communications made on behalf of ILADS to Plaintiff directly, *see* Dkt. No. 1 ¶¶ 36, 37, 48, and to the ILADS membership, many of whom reside in California, *see* Dkt. No. 28 at 1. *See Walden v. Fiore*, 134 S. Ct. 1115, 1124, 188 L. Ed. 2d 12 (2014).

---

[3] Moreover, even if these actions were sufficient show purposeful availment by Drs. Shor and Maloney, it would be unreasonable for the Court to assert jurisdiction over these defendants in California on this thin basis. *See Rio Properties*, 284 F.3d at 1021 (listing reasonableness factors).

5

### c. Reasonableness

The exercise of jurisdiction is reasonable if it comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. The Court must consider several factors in determining reasonableness: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Rio Properties*, 284 F.3d at 1021. No single factor is dispositive. *Id*.

These factors weigh in favor of the Court exercising personal jurisdiction over ILADS. As discussed above, ILADS interjected itself into California by making the allegedly defamatory statements to the ILADS membership, and by directing certain communications to Dr. Stricker in California. *See Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir.1988) ("The factor of purposeful interjection is analogous to the purposeful direction analysis."). Because the alleged defamation was directed, at least in part, toward California, California's interest in adjudicating this dispute is as strong as any other forum's. Defendants' argument that the burden would be substantial to defend outside Maryland is similarly unavailing. Moreover, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden [of out-of-state litigation] is substantially less than in days past." *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (internal quotation marks omitted). Defendants have not identified any other basis for the Court to conclude that exercising personal jurisdiction would be unreasonable given the facts of this case. Further, Plaintiff notes that ILADS is registered as a foreign corporation with California, which requires a representation that ILADS "transact[s] intrastate business" within California. Dkt. No. 28 at 3; Cal. Corp. Code § 2105. While, as noted above, such registration does not necessarily subject ILADS to general jurisdiction, it does suggest that specific jurisdiction in California is reasonable.

### B. Venue

Here, the Northern District of California is a proper venue under 28 U.S.C. § 1400(a). It is

6

undisputed that Ms. Buchman resides in the Northern District of California. *See* Dkt. No. 13-1 n.2; Dkt. No. 28 at 1. The Court may, in its discretion, transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), *superseded by statute on other grounds*. The moving party first must show that the transferee forum is "one in which the action might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Next, the moving party must "demonstrate that a transfer of venue would promote the convenience of parties and witnesses and the interests of justice." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *1 (N.D. Cal. Apr. 9, 2009). At the second step, "the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted). The Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

These factors weigh in favor of maintaining the case in this district. Defendants have not demonstrated sufficient cause to transfer, and the Court declines in its discretion to transfer this case.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss for lack of personal jurisdiction as to Defendants Samuel Shor and Betty Maloney, and **DENIES** the motion to dismiss for lack of personal jurisdiction as to Defendants Barbara Buchman and ILADS. The Court **DENIES** the motion to dismiss for improper venue. The Court **SETS** a case management conference for April 24, 2018 at 2:00 p.m. The Court directs the parties to meet and confer and

7

1 file on or before April 17, 2018 a joint case management statement that includes a proposed case
2 schedule, including a trial date.

3 **IT IS SO ORDERED.**

4 Dated: 4/11/2018

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge