ANDREW G. WATTERS (SBN 237990)
andrew@wglitigators.com
WATTERS & GUÈDENET
555 Twin Dolphin Dr., Ste. 300
Redwood City, CA 94065
Telephone:     (415) 261-8527

Attorneys for Plaintiff
RAPHAEL STRICKER


ANDREW D. CASTRICONE (SBN 154607)
acastricone@grsm.com
JUSTIN A. ZUCKER (SBN 284401)
jzucker@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:     (415) 986-5900
Facsimile:     (415) 262-3726

Attorneys for Defendants
BARBARA BUCHMAN; and INTERNATIONAL
LYME AND ASSOCIATED DISEASES SOCIETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | | |
|---|---|---|
| RAPHAEL STRICKER, | ) | CASE NO. 17-CV-03491-HSG |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMNT STATEMENT** |
| | ) | |
| vs. | ) | |
| | ) | Judge:   Haywood S. Gilliam, Jr. |
| SAMUEL SHOR; BETTY MALONEY; | ) | Date:    April 24, 2018 |
| BARBARA BUCHMAN; INTERNATIONAL | ) | Time:    2:00 p.m. |
| LYME AND ASSOCIATED DISEASES | ) | Courtroom:   2 (4th Floor) |
| SOCIETY; DOES 1-10, | ) | |
| | ) | Action Filed:  June 16, 2017 |
| Defendants. | ) | |
| | ) | |

Pursuant to Federal Rules of Civil Procedure, Rule 26, Local Rule 16-9, and the Standing Order for all Judges of the Northern District of California, plaintiff, Raphael Stricker ("Stricker" or "Plaintiff") and defendants Barbara Buchman ("Buchman") and International Lyme Associated Diseases Society ("ILADS") (Buchman and ILADS collectively, the "Defendants") (Stricker and Defendants are collectively referred to herein as "the Parties") hereby submit the

-1-

JOINT CASE MANAGEMENT STATEMENT                                                   CASE NO. 17-CV-03491-HSG

following Joint Case Management Statement.

Stricker's Complaint makes claims of declaratory relief and defamation related to the authorship of an article regarding chronic Lyme disease.

## I. JURISDICTION AND SERVICE

### A. Plaintiff's Position:

Following Defendants' partially successful motion to dismiss, there are no remaining issues with personal jurisdiction or service. However, the dismissal of the copyright cause results in there being no remaining Federal question. Unless the complaint can be amended to allege a copyright claim against the remaining Defendants, the action is subject to remand due to a lack of subject matter jurisdiction.

### B. Defendants' Position:

All named parties to this action have been properly served.

Stricker's Complaint, as it survives Defendant's Motion to Dismiss (Dkt. No. 35), brings a two causes of action, one for declaratory relief against ILADS and defamation against Buchman. With the cause of action for Copyright Infringement pursuant to 17 U.S.C. § 501 being dismissed, subject matter jurisdiction to this court no longer exists. (*Id.*) Both Stricker and Buchman are California residents. Accordingly, there is not complete diversity of the Parties as required to confer diversity jurisdiction to this Court, and the matter is subject to remand.

## II. FACTS

### A. Plaintiff's Position:

Plaintiff contends that several members of ILADS plagiarized his original journal article, thereby infringing Plaintiff's copyright, and also defamed him by falsely accusing him of plagiarism. Defendants deny the charges. The conduct underlying the complaint took place in 2015 and 2016, continuing into 2017. The principal factual issues in dispute are (1) whether the journal article or portions thereof were copied without authorization, and (2) whether Defendants' communications among themselves, and to the journal that was considering publishing the article, were defamatory. Defendants additionally contend that Plaintiff published his article without authorization.

### B. Defendants' Position:

In the Complaint, Stricker alleges that he was part of a working group formed through ILADS to write a paper on chronic Lyme disease. The working group authored an unpublished manuscript on chronic Lyme disease in December 2015. Stricker alleges that the working group's manuscript became obsolete due to new data, and, as such he claims to have rewritten and reorganized the alleged obsolete manuscript on his own with the assistance of an unrelated party (nurse practitioner Melissa Fesler) – the "updated" article. Stricker alleges that Defendants made defamatory statements regarding the authorship of Stricker's updated article. Defendants deny making any defamatory statements and maintain that any statements about the updated article were truthful and/or were subject to the conditional common-interest privilege.

## III. LEGAL ISSUES

### A. Plaintiff's Position:

The parties do not anticipate any significant remaining legal disputes, except to the extent Defendants will oppose any opportunity Plaintiff may have to amend.

### B. Defendants' Position:

Procedurally, Defendants maintain that the court lacks subject matter jurisdiction in light of the dismissal of the copyright infringement claim brought only against former Defendants Sam Shor and Elizabeth Maloney. Substantively, Defendants allegedly defamatory statements were true and/or were protected by the conditional common-interest privilege set forth in *California Civil Code* § 47(c).

## IV. MOTIONS

Defendants may bring a motion to dismiss based on lack of subject matter now that there is no longer federal question subject matter jurisdiction from the dismissal of the copyright infringement cause of action. (Dkt. No. 35.)

The parties may file: (i) a motion to remand; (ii) a motion for summary judgment, if the evidence established in discovery is favorable to it; and (iii) discovery related motions, if necessary.

/ / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## V. AMENDMENT OF PLEADINGS

Plaintiff is evaluating whether there is a cognizable basis on which to allege a copyright claim against the remaining Defendants. Principally, this issue relates to the capacity in which the dismissed Defendants committed their allegedly wrongful acts. If they were acting on behalf of ILADS, Plaintiff may be able to amend to allege copyright and/or defamation against ILADS in addition to the declaratory relief cause. Discovery is needed in order to evaluate this possibility. Accordingly, Plaintiff requests 60 days to conduct discovery and file a motion for leave to amend. Defendants, of course, oppose this request.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and certify that they have met and conferred regarding the preservation of ESI.

The Parties have met and conferred pursuant to Federal Rule of Civil Procedure, Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties have met and conferred and agreed pursuant to Federal Rules of Civil Procedure, Rule 26(a)(c) to serve initial disclosures within two weeks of the date of the Case Management Conference.

## VIII. DISCOVERY

There has been no discovery taken to date, pursuant to the Parties' stipulation to postpone discovery until after the ruling on the motion to dismiss.

### A. Plaintiff's Position:

Plaintiff intends to obtain discovery from Defendants and potential third parties, including document requests, interrogatories, requests for admissions, subpoenas, and depositions, concerning the various individuals' contributions to the manuscript at issue in this action; discussions and collaborations of the ILADS working group, defamatory communications, and similar subjects.

-4-

JOINT CASE MANAGEMENT STATEMENT                                  CASE NO. 17-CV-03491-HSG

**B.     Defendants' Position:**

Defendants intend on taking discovery, including, but without limitation, document requests, interrogatories, requests for admission, subpoenas, and depositions, concerning the following non-exhaustive list of topics: (1) Stricker's contribution to the original manuscript; (2) authorship of Stricker's alleged "updated" article; (3) whether Stricker possessed a copyright for his "updated" article; and (4) the statements made alleged to be defamatory.

**IX.   CLASS ACTIONS**

Not applicable.

**X.    RELATED CASES**

There are no related cases.

**XI.   RELIEF**

**A.     Plaintiff's Position:**

Plaintiff seeks special damages for defamation, totaling in excess of one million dollars, and a decree of authorship on the declaratory relief cause. The damages were calculated by estimating $700,000 as the damage to Plaintiff's practice. These figures are given prior to the engagement of an expert witness regarding the claimed damage to Plaintiff's reputation. Defendant, while denying liability, asserts that there was no damage to Plaintiff's reputation.

**B.     Defendants' Position:**

Defendants deny liability and Plaintiffs' damage claims, or that any relief is available to Stricker. Defendants do not believe that Plaintiff has established that this Court has subject matter jurisdiction over this matter. Moreover, Defendants statements were true, nonactionable, and/or protected by the conditional common-interest privilege under *California Civil Code* § 47(c).

**XII.  SETTLEMENT AND ADR**

The Parties have stipulated, and the Court has approved, an Early Neutral Evaluation ("ENE"). Pursuant to stipulation and order, the ENE is to occur by June 26, 2018. (Dkt. Nos. 36-37.) The Parties are working on obtaining available dates from the ENE evaluator in late May or early June before the Court's deadline. The Parties do not anticipate needing discovery to

-5-

JOINT CASE MANAGEMENT STATEMENT                              CASE NO. 17-CV-03491-HSG

1 conduct the ENE.

### XIII. CONSENT TO MAGISTRATE JUDGE

Defendants previously declined to proceed before a Magistrate Judge for all purposes in this action. (Dkt. No. 9.)

### XIV. OTHER REFERENCES

No other references are proposed at this time. The case is not overtly complex and no discovery referee is expected to be required.

### XV. NARROWING OF ISSUES

The background information on the Parties and their organization (ILADS) is not substantially disputed. The Parties should be able to agree on a summary of basic background facts to be read to the jury. The dispute focuses on the recent past whether defamation occurred. It is not anticipated that any further narrowing will occur.

### XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that the Expedited Trial Procedure as contemplated by General Order No. 64 is appropriate here. This case is not suited for expedited resolution due to the limits on discovery placed in expedited cases, which will be a burden to the Parties in this action.

### XVII. SCHEDULING

The Parties propose the following deadlines:

| EVENT | PROPOSED DEADLINE | |
|---|---|---|
| | Plaintiff's Position: | Defendants' Position: |
| *Deadline to File Motions to Join Parties or Amend* | December 1, 2017 | n/a |
| *Fact Discovery Cut-Off* | June 1, 2018 | January 28, 2019 |
| *Plaintiff to Serve Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)* | March 31, 2018 | February 19, 2019 |
| *Defendants to Disclose Rebuttal Expert Witnesses* | July 1, 2018 | March 13, 2019 |
| *Expert Discovery Cut-Off* | August 15, 2018 | April 12, 2019 |
| *File Dispositive Pretrial Motions and Daubert Motions* | September 1, 2018 | May 9, 2019 |

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

| EVENT | PROPOSED DEADLINE | |
|---|---|---|
| | Plaintiff's Position: | Defendants' Position: |
| *File Oppositions to Dispositive Pretrial Motions and Daubert Motions* | October 1, 2018 | May 30, 2019 |
| *File Reply Briefs in Support of Dispositive Pretrial Motions and Daubert Motions* | October 15, 2018 | June 13, 2019 |
| *Hearing on Dispositive Pretrial Motions and Daubert Motions* | October 31, 2018 | June 27, 2019 |
| *Pretrial Conference* | November 15, 2018 | August 6, 2019 |
| *Motion(s) in Limine Hearing Date* | TBD | TBD |
| *Trial to Begin* | December 3, 2018 | August 20, 2019, at 8:30 a.m. |

## XVIII. TRIAL

### A. Plaintiff's Position:

Plaintiff requests a jury trial, and estimates a five day jury trial, including jury selection.

### B. Defendants' Position:

Defendants anticipate that a trial in this matter will require approximately seven (7) days, including jury selection.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed the certifications of interested persons. Plaintiff certifies there are no other interested persons besides Plaintiff. Defendants certified that the members of the ILADS working group who are co-authors of the original manuscript may have an interest in the outcome of this proceeding as co-authors of the original article in issue in this litigation. (Dkt. No. 17.)

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. OTHER**

At this time, the Parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter other than the suggestions already presented herein.

Dated: April 18, 2018                    GORDON REES SCULLY MANSUKHANI, LLP


By   /s/ Justin A. Zucker
    Andrew D. Castricone
    Justin A. Zucker
Attorneys for Defendants
BARBARA BUCHMAN; and INTERNATIONAL LYME AND ASSOCIATED DISEASES SOCIETY

Dated: April 18, 2018                    WATTERS & GUÈDENET


By   /s/ Andrew G. Watters
    Andrew G. Watters
Attorneys for Plaintiff
RAPHAEL STRICKER

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Justin A. Zucker, am the ECF user whose identification and password are being used to file the foregoing Joint Case Management Conference Statement. I hereby attest that the above-referenced signatories to this Joint Case Management Conference Statement have concurred in this filing.

Dated: April 18, 2018                              By:   /s/  Justin A. Zucker
                                                              Justin A. Zucker